UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:12-cr-114-JMS-DKL -01 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JAMES V. CARROLL | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:12-cr-00114-JMS-DKL |
| ) | |
| JAMES V. CARROLL, ) -01 | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant James V. Carroll has filed motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 88, 92. Mr. Carroll seeks immediate release from incarceration. Dkt. 92. For the reasons explained below, his motions are **DENIED**.

**I.    Background**

In 2013, Mr. Carroll pled guilty to six counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Dkts. 69, 70. The Court sentenced him to 360 months of imprisonment and a lifetime term of supervised release. Dkt. 70. The Bureau of Prisons ("BOP") gives his estimated date of release, including good-time credit, as January 29, 2039.

Mr. Carroll is 77 years old. He is currently incarcerated at FCI Pekin in Pekin, Illinois. As of March 12, 2021, the BOP reports that 1 inmate and 8 staff members at FCI Pekin have active cases of COVID-19; it also reports that 778 inmates at FCI Pekin have recovered from COVID-19 and that no inmates at FCI Pekin have died from the virus. https://www.bop.gov/coronavirus/ (last visited Mar. 15, 2021).

In September 2020, Mr. Carroll filed a pro se motion for compassionate release. Dkt. 88. The Court appointed counsel. Dkt. 89. Appointed counsel filed an amended motion for compassionate release and supporting memorandum, dkt. 92, the United States responded, dkt. 95, and Mr. Carroll filed his reply, dkt. 96. Thus, the motions are now ripe for decision.

## II. Discussion

Mr. Carroll seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 92. Specifically, he contends that his underlying medical conditions (advanced age, type 2 diabetes, hypertension, hyperlipidemia, sleep apnea and prostate cancer in remission), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.* In response, the United States argues that Mr. Carroll would pose a danger to the community if released and that the factors under 18 U.S.C. § 3553(a) do not favor release. Dkt. 95.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

3

>defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>(i) extraordinary and compelling reasons warrant such a reduction; or
>>
>>(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

---

[1] The United States concedes that Mr. Carroll has exhausted his administrative remedies. Dkt. 95 at 4.

4

U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in

5

§ 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Carroll does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. Instead, he asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.[2]

Mr. Carroll claims that extraordinary and compelling reasons warrant a sentence reduction in this case because he has various conditions (including advanced age, type 2 diabetes, hypertension, hyperlipidemia, sleep apnea and prostate cancer in remission) that increase his risk of experiencing severe COVID-19 symptoms. Dkt. 92. The United States concedes that in light of his medical conditions, Mr. Carroll has shown extraordinary and compelling reasons potentially warranting a sentence reduction based on his risk of experiencing severe COVID-19 symptoms.

---

[2] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180–81, the Court has considered the rationale provided by Mr. Carroll's warden in denying Mr. Carroll's administrative request for relief. Dkt. 92-7. Mr. Carroll's warden appears not to have considered the possibility that Mr. Carroll could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement and instead focused only on Subsection (A). *Id.* Thus, the warden's decision provides little guidance to the Court's analysis.

Dkt. 95 at 4.  Therefore, the Court will assume without deciding that Mr. Carroll's risk of severe COVID-19 symptoms is an extraordinary and compelling reason that could warrant a sentence reduction.

This assumption does not end the analysis, however, because the Court finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Carroll's compassionate release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Carroll's motion.

Here, Mr. Carroll suffers from at least one medical condition that increases his risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 15, 2021) (identifying type 2 diabetes as a condition that increases the risk of severe COVID-19 symptoms). While FCI Pekin experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear

7

to be having some success. https://www.bop.gov/coronavirus/ (last visited on Mar. 15, 2021) (showing that 778 inmates at the facility had recovered from the virus). The BOP has also actively begun vaccinating inmates against COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited Mar. 15, 2021). As of March 15, 2021, 89 inmates and 92 staff members at FCI Pekin have received both doses of the COVID-19 vaccine. *Id.* That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Carroll faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors.

Weighing in Mr. Carroll's favor under the § 3553 analysis, he has completed several dozen classes and programs while incarcerated. The BOP has rated him a minimum risk for recidivism, and he has served as a unit orderly at the prison. Mr. Carroll has no disciplinary infractions during his 7 ½ years of incarceration, and he has no other convictions or arrests in his criminal history. Finally, Mr. Carroll was on pre-trial release for a little over a year before his conviction with no incidents or issues.

Weighing against him, the circumstances of Mr. Carroll's crime involved the repeated abuse and exploitation of the daughter of his friend and co-worker for whom Mr. Carroll frequently served as a babysitter over the course of many years. *See United States v. Carroll*, 750 F.3d 700 (7th Cir. 2014). When the victim, Girl 1, was 13 years old, she reported to her father that she had been molested by Mr. Carroll when she was 8 years old. *Id.* Mr. Carroll's abuse of Girl 1 started not even six months after her mother, and the wife of his longtime friend, passed away after a long illness. In his guilty plea, Mr. Carroll admitted to enticing Girl 1 to engage in sexually explicit conduct for the purpose of recording her with his digital camera beginning when she was just 4 years old. Dkt. 67. Mr. Carroll possessed dozens of sexually explicit images of Girl 1 ranging from

the ages of 4 through 8 years old. *Id.* Mr. Carroll also sent emails to other individuals with copies of the sexually explicit images that Mr. Carroll took of Girl 1, which included her face in some instances. *Id.* Mr. Carroll also admitted to possessing files with images that depicted minors other than Girl 1 engaged in sexually explicit conduct. *Id.* While Mr. Carroll may argue that he is now 77 years old and unlikely to recidivate, Mr. Carroll committed the crimes in this matter, the very first crimes of his life according to his criminal history, when he was in his late 50's and into his 60's. Finally, Mr. Carroll received a lengthy sentence for these heinous crimes, 360 months, and he has served only 30 percent of that sentence and still has 18 years remaining.

In light of the above, the Court finds that releasing Mr. Carroll early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. Certainly, the Court is sympathetic to the risks prisoners with underlying conditions such as Mr. Carroll face from COVID-19, but it cannot find that those risks warrant releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III. Conclusion

For the reasons stated above, Mr. Carroll's motions for compassionate release, dkts. [88] and [92], are **denied**.

**IT IS SO ORDERED.**

Date: 3/16/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel